## THE PEOPLE *v.* RAMÍREZ ET AL.

### APPEAL from the District Court of Humacao.

No. 428.—Decided April 20, 1912.

CRIMINAL LAW—COCK-FIGHTING—SPECTATORS.—The word "spectator" is only applied to one who attends an entertainment and therefore a person accused only of having been present at a cock-fight as a spectator is not charged with any crime because said word does not mean that he has set on foot, instigated, promoted, or carried on the cock-fight or that he has done any act as assistant, umpire, or principal, or in any way aided or engaged in the furtherance thereof.

ID.—COCK-FIGHTING—SPECTATORS—INSUFFICIENT COMPLAINT.—No person can be punished in Porto Rico for merely being a spectator at a fight between

cocks or other birds, bulls or other animals, and if any other act specified in the law, to wit, setting on foot, instigating, promoting, or carrying on the fight or taking part in the fight besides being merely a spectator was committed, it should be alleged in the complaint in order to make it sufficient.

The facts are stated in the opinion.

*Mr. Francisco González* for appellants.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court for the Judicial District of Humacao decided on appeal a complaint instituted in the Muncipal Court of Caguas against several persons, among them Modesto Ramírez and Antonio Grillo, in which they were charged with the crime of cruelty to animals committed by them, for having been caught taking part in a cock-fight on November 28, 1911, in *barrio* "Borinquen," Caguas, in which the defendants, Pedro Boada and Onofre Aponte, acted as backers (*coleadores*), and the rest of the defendants were spectators.

Trial having been held, judgment was rendered by the district court condemning Modesto Ramírez and Antonio Grillo and two other defendants to pay a fine of $5 for said crime, from which judgment appeal was taken by said Ramírez and Grillo.

The appellants have failed to file a statement of facts or bill of exceptions, but, upon an examination of the complaint, we come to the conclusion that no crime whatever has been charged therein against appellants.

The text of section 5 of "An act to prevent cruelty to animals," approved March 10, 1904, reads as follows:

"Section 5. Any person who sets on foot, instigates, promotes, or carries on, or does any act as assistant, umpire, or principal, or in any way aids in or engages in the furtherance of any fight between cocks or other birds, or dogs or bulls or other animals, premeditated by any person owning or having custody of such birds or animals, shall be punished by a fine not exceeding $50, or by imprisonment not exceeding 30 days, or by both penalties, in the discretion of the court."

The complaint only charges appellants, Modesto Ramírez and Antonio Grillo, with the act of having attended the cock-fight as spectators. The word "spectator" is only applied to one who attends an entertainment, and therefore a person accused only of having been present at a cock-fight as a spectator is not charged with any crime, because said word does not mean that he has set on foot, instigated, promoted, or carried on the cock-fight, nor that he has done any act as assistant, umpire, or principal, nor in any way has engaged in the furtherance of it, nor has aided thereto.

No person can be punished in Porto Rico for merely being a spectator at a fight between cocks or other birds, dogs, bulls or other animals, and if any act has been committed besides those acts specified in the law, of setting on foot, instigating, promoting, or carrying on the fight, or of having taken part in the fight except as a spectator, then they should be stated in the complaint so as to make it sufficient.

When the legislator wants to punish a spectator he so states it specifically, as has been done in article 597 of the Penal Code of California, which punishes, among others, those who are present as spectators.

Appellants were not charged with any punishable act, and therefore the judgment imposing upon them a punishment should be reversed and one of acquittal rendered.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice del Toro dissented.